# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2192
Lower Tribunal No. AFJOA7E
_____

**Onelia Elza Ramirez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Cristina Rivera Correa, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

GORDO, J.

Onelia Elza Ramirez ("Ramirez") appeals a final judgment of conviction and sentence for knowingly driving with a suspended license. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A), 9.140(b)(1)(B). For the following reasons, we affirm.

Ramirez alleges the trial court erred in finding she failed to rebut the presumption of knowledge of suspension. Based on the record before us, we find the trial court correctly applied the law and was well within its discretion to determine that the evidence presented by Ramirez was insufficient to rebut the presumption. See § 322.34(2), Fla. Stat. ("The element of knowledge is satisfied if the person has been previously cited . . . or the person admits to knowledge of the cancellation, suspension, or revocation . . . or the person received notice . . . . There shall be a rebuttable presumption that the knowledge requirement is satisfied if a judgment or order . . . appears in the department's records for any case except for one involving a suspension by the department for failure to pay a traffic fine or for a financial responsibility violation."); Robinson v. State, 348 So. 3d 1146, 1147 (Fla. 4th DCA 2022) ("Regarding notice, the State is required to prove that DHSMV mailed the notice to the last known mailing address."); § 322.251(1)-(2), Fla. Stat. ("Such mailing by the department constitutes notification, and any failure by the person to receive the mailed order will not

affect or stay the effective date . . . of the . . . suspension . . . . Proof of the giving of notice and an order of . . . suspension . . . in either manner shall be made by entry in the records of the department that such notice was given. The entry is admissible in the courts of this state and constitutes sufficient proof that such notice was given."); Hawthorne v. State, 248 So. 3d 1261, 1265 (Fla. 1st DCA 2018) ("A driving record showing a license suspension is sufficient to prove that a defendant had notice that his or her license was suspended.").

Affirmed.